# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

_____

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                                                                                      No. CR 04-66 BB

**JOSE MERCEDES GAMIZ-MORGA,**

    Defendant.

## MEMORANDUM OPINION
## AND
## ORDER DENYING MOTION TO SUPPRESS

**THIS MATTER** is before the Court on the motion of Defendant Jose Mercedes Gamiz-Morga to suppress evidence. As Defendant's motion is based on the facts adduced at the evidentiary hearing held by this Court on the motion of co-Defendants Meza-Aguilar and Morales-Gracia, the Court will also incorporate its prior opinion. Having read the parties' briefs, the Court finds the motion should be Denied.

### *Discussion*

After narcotics were discovered in the shoes of Meza-Aguilar and Morales-Gracia, they were taken to the storeroom at Al's Mini Mart. Post *Miranda*, and while inside the storeroom, Meza-Aguilar said he was to be picked up in 20 minutes by someone in a grey colored truck and he received three phone calls on his cell phone from someone in that grey vehicle. Himes went outside where he observed a grey Isuzu Rodeo and a white Buick Regal enter and exit the store parking lot. Over several minutes,

Meza-Aguilar received three calls telling him the grey truck was in the parking lot and at one point said it would circle back since a suspicious white male was standing around in Al's parking lot. Although Himes was looking at the grey Isuzu Rodeo which had a passenger talking on a cell phone, he did not equate it with a small grey truck. He then returned inside the store and was again told that the vehicle was outside. Himes once again returned outside only to see the small grey Isuzu Rodeo depart the parking lot. Upon reentering Al's, he was told the grey vehicle exiting the parking lot was the vehicle in question.

Shortly thereafter, Agent Himes noticed that the grey Isuzu Rodeo had returned to the parking lot. He approached and engaged the occupants of the grey Isuzu in a conversation. The passenger who had been on the cell phone was Jose Mercedes Gamiz-Morga. Following Himes identifying himself, Gamiz-Morga voluntarily consented to the search of the vehicle where $4,000 was found wrapped in a bundle in the glove box. In addition, a consensual search of Gamiz-Morga's cellular phone revealed the phone number of Meza-Aguilar, who was still inside the store. A marked Belen police unit arrived and the occupants of the grey Isuzu were escorted into it.

Based on the above facts, Agent Himes certainly had adequate basis to approach the grey Isuzu and engage Mr. Gamiz-Morga in conversation. *United States v. Hill*, 199 F.3d 1143, 1149-50 (10th Cir. 1999). Law enforcement officers may also seek voluntary consent to search or inspect a person or their affects. *United States v. Benally*, 146 F.3d

**1232, 1240 (10th Cir. 1998).  Agent Himes requested and received voluntary consent to search the Isuzu.  Discovery of the $4,000 in the glove box of the grey Isuzu or Meza-Aguilar's phone number as one previously stored in the memory of Gamiz-Morga's cell phone, did not violate the Fourth Amendment.** *Schneckloth v. Bustamonte*, **412 U.S. 218, 219 (1973).**

## **O R D E R**

**For the above stated reasons, Defendant Gamiz-Morga's motion to suppress [#81] is DENIED.**

**DATED at Albuquerque this 14th day of April, 2004.**

　

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**BRUCE D. BLACK**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**